SAMUEL SILVERMAN ET AL., PLAINTIFFS, v. AMERICAN EAGLE FIRE INSURANCE COMPANY, DEFENDANT.

Submitted June 5, 1924—Decided October 7, 1924—Filed October 24, 1924.

Insurance—Motor Car—Question of Identity of Car—Question of Violation of Warranty and Consequent Inability to Recover for Loss From Defendant—Jury Verdict Entirely Against Weight of Evidence—A Venire De Novo Awarded.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the plaintiffs, *Saul Nemser.*

For the defendant, *Vanderbilt & Hedden.*

PER CURIAM.

A number of reasons are urged for a new trial in this cause, but we think it is sufficient to deal with that which relates to the alleged breach of warranty with respect to the year of manufacture. The question was whether the car, which was found partially burned at Haledon, and which the parties seem to have admitted was identical with the car that plaintiff had insured and which had been stolen from in front of a hotel in Newark, was the same car that the defendant showed, without substantial controversy, had been sold in Boston in the year 1915. If it was the same car, it would follow that the warranty in the policy that the car was a 1917 car had been violated, and, consequently, the defendant would not be liable in view of the decision of this court in *Felakos* v. *Aetna Insurance Co.,* 119 *Atl. Rep.* 277.

While we are inclined to think that a jury question was presented on this phase of the case, we are, nevertheless, of the opinion that the verdict was clearly against the weight of

evidence so far as it involved a finding that the car sold in Boston in 1915 was not the same as that found at Haledon and insured under the plaintiff's policy. The evidence showed, without contradiction, that as to the car found at Haledon the serial number was as described by the witnesses "4C2952," and the main ground urged on the part of the plaintiff for the proposition that this was not the same as the one sold in Boston, is that the testimony and depositions relating to the Boston car show simply the number "2952" without any "4C." This, however, is a mistake, because the documentary evidence seems to show plainly that the "4C" part of the numbering related to the model, and that the Boston invoice or bill of sale, or whatever it may be called, shows that the car "2952," sold in 1915, was a model "4C."

Our examination of the evidence in the case leads us to the conclusion that the jury clearly found against the great weight of the evidence on this feature of the case, and, consequently, the verdict should be set aside and a new trial ordered.